UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JOE BRIMITE,

       Movant,

                                             File No. 1:05-CV-558

v.

                                             HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                 /

## MEMORANDUM OPINION AND ORDER
## ON MOTION TO VOLUNTARILY DISMISS MOTION
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This is an action filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed by this Court upon Movant Willie J. Brimite on June 23, 2003.

On February 20, 2003, after a jury trial, Movant was found guilty in this Court of one count of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841. *United States v. Brimite*, Case No. 1:02-CR-262 (W.D. Mich.) (Docket # 28). On June 23, 2003, the Court sentenced him to 240 months in prison. (Docket # 34.) The Sixth Circuit affirmed Movant's conviction on June 24, 2004. *United States v. Brimite*, No. 03-1840 (6th Cir. June 24, 2004).

Movant filed the instant § 2255 motion on August 19, 2005 (Docket #1). On that same date, he filed his first motion to amend his § 2255 motion (Docket #2). He filed a second motion to amend on September 26, 2005 (Docket #5). On November 14, 2005,

Movant filed a third motion to amend (Docket #7). By way of an order dated December 8, 2005 (Docket #8), the Court denied Movant's first motion to amend as vague and open-ended, but granted the second and third motions to amend, deemed the original motion to vacate amended by the addition of two grounds for relief, and ordered the United States to answer the motion within 60 days.

The matter presently is before the Court on Movant's request to voluntarily dismiss his § 2255 action without prejudice, or, in the alternative, to permit Movant to amend his § 2255 application to add an entirely new claim of ineffective assistance of counsel (Docket #12).

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998). Since the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), PUB. L. No. 104-132, 110 STAT. 1214 (1996), § 2255 motions have been subject to a one-year limitation period. "Prior to this amendment, a party could bring a § 2255 motion at any time." *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997). As amended, § 2255 ¶ 6 states as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final, pursuant to § 2255 ¶ 6(1). *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004). The Sixth Circuit affirmed Movant's conviction on June 24, 2004. The judgment became final on Wednesday, September 22, 2004, upon the expiration of the 90-day period for filing a petition for writ of certiorari. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003)). As a result, Petitioner had one year from September 22, 2004, or until September 22, 2005, in which to timely file a motion under § 2255.

As this Court noted in its December 8, 2005 order on Movant's then-pending motions to amend, Movant's original § 2255 motion and his first two motions to amend were filed within the statute of limitations. While Movant's third motion to amend was filed after the statute of limitations had run, the Court nevertheless permitted amendment of the § 2255 motion because the amendment did not attempt to add any new claim for relief, but instead merely articulated more specifically the additional grounds raised in the second motion to

3

amend. The Court's focus on whether new grounds were raised in an amendment filed after the expiration of the statute of limitations was based on the Supreme Court's decision in *Mayle v. Felix*, 125 S. Ct. 2562 (2005). In *Mayle*, the Supreme Court held that amendments "assert[ing] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" do not "relate back" to the original pleading under FED. R. CIV. P. 15(c), and therefore do not "escape the AEDPA's one-year time limit." 125 S. Ct. at 2566.

In the instant motion, Movant seeks alternative relief. First, he requests that his § 2255 petition, as amended, be dismissed without prejudice so that he can conduct additional research, add new claims, and refile the expanded petition at a later date. Should the Court deny that request, Movant seeks permission to further amend his complaint to add a new claim of ineffective assistance of counsel.

Addressing the second claim first, the Court denies Movant's fourth request to file an amended petition. Movant has been permitted to amend his complaint on two prior occasions and no further amendments shall be permitted at this date. In addition, based on Movant's present representations, the new claim he proposes to make would be futile, as, under the reasoning of *Mayle*, 125 S. Ct. 2562, it would be barred by the statute of limitations.

With respect to Movant's request to dismiss his § 2255 application, the Court recognizes that dismissal of the instant § 2255 application, whether with or without prejudice, likely would result in Movant foregoing all opportunity to have any § 2255 motion

reviewed on the merits by this Court. Since Movant's statute of limitations already has expired, any subsequently filed § 2255 motion would be time-barred. Accordingly, by voluntarily dismissing his motion, Movant would relinquish his right to have his conviction and sentence reviewed under § 2255.

Because the grant of the motion to voluntarily dismiss his § 2255 application would result in such dire consequences, the Court will reserve ruling on the motion until Movant has had further opportunity to withdraw his motion to dismiss. Accordingly,

**IT IS ORDERED** that Movant Willie Joe Brimite's request to further amend his § 2255 application is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to voluntarily dismiss (Docket #12) is **HELD IN ABEYANCE** pending Movant's opportunity to withdraw the motion.

**IT IS FURTHER ORDERED** that Movant shall have 30 days from the date of this order to withdraw his motion to voluntarily dismiss. Should Movant fail to withdraw the motion, the motion to dismiss will be granted and Movant's § 2255 application will be dismissed.

**IT IS FURTHER ORDERED** that, given the pendency of Movant's motion to dismiss, the time for Respondent United States to file its response to the § 2255 motion previously set in the Court's December 8, 2005 order is extended until March 7, 2006.

Date:     January 27, 2006              /s/  Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE