UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE JOE BRIMITE,

        Movant,

                                            File No. 1:05-CV-558

v.

                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **O P I N I O N**

This matter comes before the Court on Movant Willie Joe Brimite's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on June 23, 2003.

## **I.**

On February 20, 2003, following a three-day jury trial, Movant was found guilty in this Court of one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(iii). *United States v. Brimite*, Case No. 1:02-CR-262 (W.D. Mich.) (Docket # 28).   On June 23, 2003, the Court sentenced him to 240 months in prison.  (Docket # 34.)   Movant appealed his sentence.   The Sixth Circuit affirmed his conviction on June 24, 2004.  *United States v. Brimite*, 102 F. App'x 952 (6th Cir. 2004).

The Sixth Circuit summarized the facts and history of the case as follows:

On October 8, 2002, a Berrien County Sheriff's Deputy on routine patrol observed Brimite driving a vehicle that did not have a visible license plate.  After Brimite made a left-hand turn without signaling, the deputy activated his lights and saw the vehicle make a turn into a private driveway. As the vehicle was pulling into the driveway, the deputy saw Brimite throw a green-colored box out of the driver's side window.  Brimite exited the vehicle immediately and began walking away.  When the deputy ordered him to stop, Brimite took off running.  The green box contained several bags of crack cocaine.  A digital scale was also located just inches away from where the box had been thrown to the ground.

Brimite was charged initially in state court in Berrien County with possession with intent to distribute between 50 and 225 grams of cocaine in violation of MICH. COMP. LAWS § 333.7401(2)(a)(iii) (2001).  After a preliminary examination and arraignment were held in Berrien County Circuit Court, the sheriff's office referred Brimite's case to a Drug Enforcement Special Agent assigned to Berrien County.  Brimite was later indicted in federal district court for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  At the final pretrial conference, the district court inquired into why Brimite's case had been selected for federal prosecution, and the prosecutor replied that it was due to the quantity of cocaine involved and the criminal history of the defendant. When pressed further by the district court on this point, the prosecutor stated that the federal system was preferred because it presented the opportunity to obtain a higher sentence.  While § 333.7401(2)(a)(iii)[,] the Michigan statute under which Brimite was initially charged, previously provided for a mandatory minimum term of ten years and a maximum term of twenty years, as a result of an amendment made effective in early 2002, § 333.7401 no longer requires a minimum sentence.  MICH. COMP. LAWS § 333.7401.  By contrast, § 841(b)(1)(A) provides for a mandatory minimum ten-year term of imprisonment, and a mandatory minimum twenty-year term of imprisonment for defendants, like Brimite, with prior felony convictions.

Brimite was tried by a jury in the United States District Court for the Western District of Michigan and convicted on the sole count of possession with intent to distribute 50 grams or more of cocaine base. . . . .

102 F. App'x at 954 (footnote omitted).

2

On appeal, Movant argued that the prosecutor engaged in forum shopping to expose him to a greater sentence and that the prosecutor was motivated by the racially discriminatory intent of obtaining a federal jury with substantially fewer African-American jurors than the likely composition of a Berrien County jury.  The Sixth Circuit concluded that Brimite's selective prosecution claim was not properly preserved for appeal because he failed to make a timely motion challenging his prosecution in the district court. *Id.* at 955.  The court further held that, even if Brimite had filed a proper objection, he failed to establish that either his due process or his equal protection rights were violated when he was referred for federal prosecution. *Id.* at 955-56.

In his § 2255 motion and amendments to that motion,[1] Brimite raises six claims, all of which he asserts are not procedurally defaulted because of the ineffective assistance of counsel: (1) his Sixth Amendment rights were violated by the sentencing court's findings of a drug quantity beyond that found by the jury; (2) the government improperly failed to provide timely notice of its intent to introduce evidence of a prior conviction for sentencing purposes, in violation of Brimite's right to due process; (3) his prior state drug conviction did not constitute a "felony drug offense" for purposes of increasing the mandatory minimum

---

[1]Movant filed the instant § 2255 motion on August 19, 2005 (Docket #1).  On that same date, he filed his first motion to amend his § 2255 motion (Docket #2).  He filed a second motion to amend on September 26, 2005 (Docket #5).  On November 14, 2005, Movant filed a third motion to amend (Docket #7).  By way of an order dated December 8, 2005 (Docket #8), the Court denied Movant's first motion to amend as vague and open-ended, but granted the second and third motions to amend and deemed the original motion to vacate amended by the addition of two grounds for relief.

sentence under 21 U.S.C. § 841(b)(1)(A); (4) he was selectively prosecuted on the basis of race; (5) the prosecutor improperly employed peremptory challenges to remove African-American jurors, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); and (6) ineffective assistance of counsel in failing to record side bar conversations during an officer's testimony regarding Brimite's *Miranda* rights.

The United States filed a response to the petition on April 19, 2006.  Following two extensions of time, Movant filed a reply on October 27, 2006.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166

(1982).  A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal.  *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).  Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  The procedural default rule does not apply, however, to claims of ineffective assistance of counsel.  Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review.  *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996).  Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal.  *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).  Moreover, attorney error that rises to the level of ineffective assistance of counsel will constitute cause excusing the procedural default of other claims.  *See Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991);  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  For ineffective assistance of counsel to serve as cause excusing a procedural default, Movant must show that his appellate counsel's failure to raise the ineffectiveness of trial counsel rose to the level of a constitutional violation under *Strickland v. Washington*, 466 U.S. 668 (1984).  *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir.

2004).  To establish prejudice excusing procedural default, Movant must demonstrate that the alleged error "worked to [his] actual and substantial disadvantage."  *Frady*, 456 U.S. at 170.

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

6

## III.

The files and records in this case conclusively show that Movant is not entitled to relief.

In *Strickland v. Washington*, 466 U.S. 668, 687-88  (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.   The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error.  *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for

7

counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  To determine if the defendant was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable.  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

A.    Sixth Amendment Violation

Movant argues that this Court improperly enhanced his sentence based on a drug quantity beyond that found by the jury, ostensibly in violation of the requirements set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 534 U.S. 220 (2005).

In *Blakely*, 542 U.S. 296, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury.  The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the

8

federal sentencing guidelines. In *Booker*, 543 U.S. 220, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines. The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 244. The Sixth Circuit has squarely concluded that "[t]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury." *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).

The *Booker* Court directed that its holding be applied to all cases on direct review. *Booker*, 543 U.S. at 268. A case is considered final and no longer on direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). The Sixth Circuit issued its mandate on June 24, 2004. Because Movant did not file a petition for writ of certiorari, his conviction became final no later than September 22, 2004, at the expiration of the 90-day period for filing such petition. *See Clay v. United States*, 537 U.S. 522, 524-25 (2005); *Sanchez-Castellano v.*

9

*United States*, 358 F.3d 424, 426 (6th Cir. 2004). Movant's case therefore no longer was on direct review when *Booker* was decided on January 12, 2005.

The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005). In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Sixth Circuit concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review. Specifically, the *Humphress* court found that the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-63. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id*.

Based on the clear holding in *Humphress*, Movant is not entitled to relief on his motion because *Booker* does not retroactively apply to cases that were final before January 12, 2005.

Moreover, to the extent Movant complains that his attorney failed to raise a Sixth Amendment objection at sentencing, Movant cannot demonstrate that counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 488. At the

time of sentencing, the Sixth Circuit had held that judicial factfinding under the federal sentencing guidelines and application of mandatory federal sentencing guidelines did not violate the Sixth Amendment under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely*, 542 U.S. 296. *See United States v. Koch*, 383 F.3d 436, 442 (6th Cir. 2004). Because *Koch* constituted controlling law in this circuit, only after the issuance of the *Booker* decision in 2005 did it become clear that judicial factfinding under the federal sentencing guidelines and mandatory application of those guidelines could violate the Sixth Amendment. Accordingly, on the basis of the law as it existed at the time Defendant was sentenced, counsel's performance was objectively reasonable and did not constitute ineffective assistance of counsel. *See United States v. Burgess*, 142 Fed. Appx. 232, 241 (6th Cir. 2005) (failure to predict Supreme Court's decision in *Booker* does not constitute ineffective assistance); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law. We agree . . . that clairvoyance is not a required attribute of effective representation."); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law").

Finally, regardless of the applicability of *Booker*, Movant was not sentenced in violation of the Sixth Amendment. The jury found Brimite guilty of possessing with the

intent to distribute at least 50 grams of cocaine base.  Because Brimite had a past felony drug conviction, the statutory mandatory minimum sentence became 240 months.  21 U.S.C. § 841(b)(1)(A).  Any finding that Movant was connected to additional quantities of cocaine under the Guidelines was irrelevant to the statutory mandatory minimum sentence.

B.    Inadequate Notice of Intent

In his second ground for relief, Movant argues that he was deprived of his Fifth Amendment right to due process and his Sixth Amendment right to be informed of the accusation against him.  Specifically, Movant contends that the Government failed to provide timely notification of its intent to introduce evidence of a prior conviction for sentencing purposes.

In order to seek a sentence enhancement under 21 U.S.C. § 841(b)(1)(A) based on a prior conviction, the government must meet the notice requirements of 21 U.S.C. § 851(a)(1), which provides as follows:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

*Id.*  Notice under § 851(a)(1) is timely if filed before voir dire.  *See United States v. King*, 127 F.3d 483, 488 (6th Cir. 1997) (citing *United States v. McAllister*, 29 F.3d 1180, 1183 (7th Cir. 1994) (noting that all circuits having interpreted the provision had concluded that it meant notice must be provided before voir dire).

12

In the instant case, the Government filed its notice of Movant's prior conviction on February 14, 2003, four days before the start of trial.  *United States v. Brimite*, No. 1:02-CR-262 (W.D. Mich.) (Docket # 21).  As a consequence, notice was timely filed and did not violate Movant's rights.  Moreover, because notice was timely, any objection by counsel would have been frivolous.  Counsel therefore was not ineffective for not objecting to the lateness of notice.

C.    Prior Felony Drug Offense

Movant contends that his prior drug conviction did not meet the definition of a "felony drug offense" necessary to increase the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).  In particular, Movant contends that the terms "felony" and "felony drug offense" are separately and differently defined under 21 U.S.C. § 841, requiring that his prior offense meet both definitions in order to increase the mandatory minimum sentence.

Under 21 U.S.C. § 802(13), the term "felony" means "any Federal or State offense classified by applicable Federal or State law as a felony." *Id.*  The term "felony drug offense" includes any drug "offense that is punishable by imprisonment for more than one year . . . ." 21 U.S.C. § 802(44).

Movant's prior state drug conviction was for Unlawful Delivery of Cocaine, Second Offense. MICH. COMP. LAWS §§ 7401(2)(a)(iv), 7413(2).  *See United States v. Brimite*, No. 1:02-CR-262 (W.D. Mich.) (Docket #21, Ex. 1).  Section 7401(2)(a)(iv) states that a person committing the offense "is guilty of a felony punishable by imprisonment for not more than

13

20 years . . . . *Id.*  In other words, Michigan law expressly declares that the offense for which

Movant was convicted is both "a felony" law and "punishable by imprisonment for more than

one year."  It therefore is both a "felony" and a "felony drug offense" as defined by 21 U.S.C.

§ 802(13) and 802(44).  As a result, regardless of whether one or both definitions need be

met to deem Movant's prior state-court offense an appropriate predicate to the enhanced

mandatory minimum of 21 U.S.C. § 841(b)(1)(A), Movant's offense was appropriately so

classified.

Because the offense is a proper predicate under 21 U.S.C. § 841(b)(1)(A), Movant can

demonstrate neither prong of the *Strickland* standard for ineffective assistance of counsel.

*Id.*, 466 U.S. at 689.  Movant's counsel did not perform in an objectively unreasonable

fashion in failing to challenge the statutory enhancement on the basis of the state drug

offense.  Further, Movant can demonstrate no possible prejudice arising from counsel's

performance.

D.    Selective Prosecution

Movant next argues that he was selectively prosecuted on the basis of race and that

his trial counsel ineffectively failed to raise the claim.  On direct appeal, the Sixth Circuit

held that Movant had waived his selective prosecution claim because he failed to raise it

before this Court prior to trial.  *Brimite*, 102 F. App'x at 955.  In rejecting the claim, the Sixth

Circuit noted that Movant had failed to demonstrate cause excusing his procedural default.

*Id.*  That determination is conclusive, barring this Court from relitigating the issue absent an

exceptional circumstance or an intervening change in the law.  *See Wright v. United States*, 182 F.3d 458, 465 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.")).  Movant fails entirely to allege such exceptional circumstance.  His claim therefore is barred.

Moreover, notwithstanding the procedural default, the Sixth Circuit addressed the merits of the claim.  *Brimite*, 102 F. App'x at 955-56.  To prove selective prosecution, "a defendant must show that the federal prosecutorial policy had both a discriminatory intent and a discriminatory effect."  *Id.* (citing *United States v. Jones*, 159 F.3d 969, 976 (6th Cir. 1998)).  To establish the necessary discriminatory intent, a defendant must show that the prosecutorial policy was motivated by racial animus.  *Id.* at 956.  The Sixth Circuit held that Brimite had failed to show that the policy of referring for federal prosecution was based on discriminatory intent.  The court rejected Brimite's offer of statistics concerning the charging decisions in federal death penalty cases and the make-up of the general prison population. *Id.*

Because the Sixth Circuit has concluded that the selective prosecution claim lacks merit, counsel's failure to raise the issue before trial did not fall below the objective standard of reasonable performance required under *Strickland*.  Further, because the Sixth Circuit

addressed the claim notwithstanding its procedural default, Movant was not prejudiced by counsel's performance.  *Strickland*, 466 U.S. at 689.

    E.    <u>*Batson* claim</u>

Petitioner argues that the Government improperly exercised its peremptory challenges to remove African-American jurors, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). He argues that trial counsel was ineffective in failing to object to the Government's conduct.

Under *Batson*, in order to establish a prima facie case of purposeful discrimination in jury selection, a defendant must prove three things:

> [1] that the defendant is a member of a cognizable racial group . . . [2] that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race . . . [3] that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. . . . Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors.

*Batson*, 476 U.S. at 96-97.

Here, Movant has done nothing more than state that the Government exercised a peremptory challenge to strike one African American member of the jury pool.  Movant makes no effort to describe the circumstances under which the juror was stricken or to raise an inference that the strike was exercised for racially discriminatory reasons.  Indeed, Movant fails even to identify the juror to whom he refers.

A review of the Government's exercise of challenges demonstrates that only three jurors were stricken peremptorily by the Government.  The Government exercised its first

peremptory challenge to strike Juror Neeken.  During voir dire, Neeken expressed his frustration with an agency of the United States, the FAA, in relation to a seven-year dispute concerning the Grand Haven airport.  Neeken expressed some hesitation about his ability to separate his dissatisfaction with one government agency from his consideration of the Government's evidence in Movant's case.  (Tr. I, 39-41, 47.)  The Government's second peremptory challenge was exercised to excuse Juror Eskew, who disclosed during voir dire that he previously had been addicted to cocaine.  (Tr. I, 45, 49.)  The Government's final peremptory challenge was used to strike Rachelle Jakubowski, about whom nothing in the transcript is recorded.

The circumstances surrounding the Government's use of peremptory challenges to strike jurors Neeken and Eskew strongly indicate legitimate, racially neutral motives for their use.  As to juror Jakubowski, no circumstances suggest a reason for inferring that race was the motivating reason for the peremptory challenge.

As with Movant's other claims, the issue is procedurally defaulted.  Petitioner raises ineffective assistance of counsel as cause excusing his procedural default.  As the Court previously has discussed, in considering a claim of ineffective assistance, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel*, 350 U.S. at 101); *Nagi*, 90 F.3d at 135.

17

Solely on the basis of his unsupported and conclusory allegation, Movant claims that defense counsel's performance in failing to object to one of the Government's three peremptory challenges was objectively unreasonable.  Movant has alleged no facts that would even hint at attorney error, much less overcome the presumption that counsel conduct was within the range of reasonable professional assistance.  Movant therefore fails to demonstrate either that counsel was ineffective or that counsel's performance constitutes cause excusing his procedural default.

F.    Side Bar Conversations

In his final claim of ineffective assistance of counsel, Movant asserts that his attorney ineffectively failed to record side bar conversations that occurred during police officer testimony.  As with the previous claim, Movant's argument on this point is limited to a few conclusory sentences:

**GROUND TWO**

Petitioner's Sixth Amendment rights to effective assistance of counsel were violated where through trial counsel failed record sidebar conference to preserve an issue concerning Miranda violations.

**Supporting Facts:**

At petitioner's criminal trial the arresting officers were allowed to give testimonies to statement made on petitioner's behalf while he incarcerated at the County jail.  At particular stages in the trial sidebar conversations were held regarding those statements made by petitioner, but were not recorded nor preserved by trial counsel regarding petitioner's Miranda violation.  Thus, the petitioner's Sixth Amendment rights to effective assistance of counsel were violated.

18

(Docket #7, at 2-3.)

Federal statute provides that a court reporter shall attend each court session and shall make a verbatim record of, among other things, "all proceedings in criminal cases had in open court." 28 U.S.C. § 753(b). The Sixth Circuit has recognized, however, that while the duty is imposed by the act, reversible error only occurs when the complaining party demonstrates "hardship and prejudice" in light of "all the circumstances in the record surrounding the omission." *United States v. Gallo*, 763 F.2d 1504, 1531 (6th Cir. 1985). Moreover, the *Gallo* court recognized that the duty imposed by the statute is on the court, not on the attorneys. *Id.* In determining whether hardship and prejudice are shown, "failure to record comments made by the judge or counsel to the jury will be viewed with greater disfavor than those made during side bar discussions." *Id.* (citations omitted).

Movant has failed to specify clearly which sidebar conference allegedly impaired his *Miranda* rights. However, only two points in the transcript indicate the occurrence of off-the-record side bar conferences. The first occurred during the cross-examination of Deputy Sheriff John Hopkins. (Tr. I, 132.) However, the circumstances surrounding that side bar suggest that the conference involved the officer's identification of Movant, an issue unconnected to *Miranda*. (Tr. I, 131-32.)

The other side bar conference occurred during the direct examination of Detective Sergeant Roger Lange. (Tr. I, 149.) The circumstances of that conference indicate that

19

defense counsel was concerned that Movant's *Miranda* rights had not adequately been

protected.

Q      And at the time Mr. Brimite was placed under arrest, did you advise
       him why he was being arrested?

A      I did.

Q      What did you tell him at that time?

A      At that time I told him it was in reference to a traffic stop that had taken
       place with Deputy Hopkins.

Q      And did Mr. Brimite say anything to you after that?

A      Just that he didn't know what I was talking about and that he was at
       work at that time.

Q      And was there any further conversation with Mr. Brimite –

A      Well, I asked –

Q      – about that?

A      I asked Mr. Brimite at the time where did he work, and he told me a
       place called –

       MR. LYONS: Your Honor, I'm going to object.  If he is going to give
statements that he alleges have been made after my client has been
Mirandized, there should be a foundation that he understood what his rights
were and that he voluntarily waived them.   This certainly appears to be
interrogation.

       MR. BRUHA: May we approach, have a sidebar, Your Honor?

(The Court and counsel conferred at sidebar.)

BY MR. BRUHA:

Q    After being advised of the reason he was under arrest, did Mr. Brimite tell you that he was at work at the time this allegedly happened?

A.    Yes, he did.

(Tr. I, 148-49.) From the circumstances surrounding the side bar, it is apparent that defense counsel successfully objected to further testimony involving Movant's responses to questions put by Officer Lange. Before the side bar, questioning was addressed not only to what Movant volunteered after his arrest, but also what he had stated in response to questions. After the side bar, the only question related to Movant's voluntary statement that he had been at work at the time of the alleged traffic stop.

As a result, Movant can demonstrate no hardship or prejudice arising from the unrecorded side bar conference. Accordingly, no violation of the statute occurred. Because Petitioner cannot show the prejudice necessary to demonstrate a violation of the statute, his claim that counsel was ineffective is meritless. If no violation of the statute occurred, counsel's performance in failing to object did not fall below an objective standard of reasonableness. Similarly, if no violation occurred, Movant was not prejudiced by the failure to object. *Strickland*, 466 U.S. at 689; *Hicks v. Collins*, 384 F.3d 204, 216 (6th Cir. 2004) (ineffective assistance of counsel claim fails where no prejudice arises from lack of record).

**IV.**

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of

the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability

An order consistent with this opinion will be entered.


Date:   November 8, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE